# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SALLADEEN MUHAMMED, § § *Plaintiff,* § § v. § § SCOTTY SHELTON, et al., § § *Defendants.* § § | Civil Action No. 4:23-CV-428 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Quash Defendants' Notices of Intention to Take Deposition by Written Questions and of Subpoenas to Plaintiff's Medical Providers (Dkt. #28) and Plaintiff's Second Motion to Quash Defendants' Notices of Intention to Take Deposition by Written Questions and of Subpoenas to Plaintiff's Medical Providers (or to Modify) (Dkt. #33). Having considered the motions and the relevant pleadings, the Court finds that the motions should be **GRANTED in part**.

### BACKGROUND

This motion arises out of a discovery dispute in a personal injury case involving a vehicular collision between two semi-trailer trucks. Plaintiff Salladeen Muhammed ("Muhammed") brings claims against Defendants Scotty Shelton, PACCAR Financial Corporation, PACCAR, Inc., JBS Carries, Inc., and JBS Green Bay, Inc (collectively, the "Defendants") for negligence, gross negligence, and negligent entrustment (Dkt. #11 ¶¶12–18).

At issue are several subpoenas and notices of intent to take deposition by written questions that the Defendants sent to seven (7) medical providers involving their treatment of Muhammed

(Dkt. #28 at p. 2; Dkt. #33 at p. #2). These medical providers consist of (1) American Health Imaging, Inc; (2) Barbour Orthopedics Surgery Center, LLC; (3) Christus Good Shepard Medical Center – Longview; (4) Northlake Anesthesia Professionals, LLC; (5) Safeway Psychological Services, LLC; (6) Barbour Orthopedics & Sports Medicine; and (7) BenchMark Rehabilitation Partners, LLC (collectively, the "Providers") (Dkt. #28 at p. 2; Dkt. #33 at p. #2). Based on the information Muhammed and the Defendants have provided to the Court, the questions and requests that Muhammed takes issue have the same numbering in each subpoena and notice of intent to take deposition by written questions (Dkt. #30, Exhibit 1; Dkt. #33; Exhibit 1 at pp. 6–57). Each subpoena and notice of intent to take depositions by written questions generally consists of a set of approximately 40 questions followed by an "Exhibit A" containing numbered requests for various documents.

The first group of questions that Muhammed takes issue with seek information such as the rates that each Provider charges insurance companies for the same services that Muhammed received and all supporting documentation, corresponding with written deposition questions 17–18 and 27–36 along with request 5 under Exhibit A (Dkt. #30, Exhibit 1 at pp. 5–9, 11–12; Dkt. #33, Exhibit 1 at pp. 8–9, 13–14, 21–27, 29–30, 36–37, 41–42, 49–50, 52–53, 55–56). The second group of questions that Muhammed takes issue with seek "all written correspondence" between each Provider and Muhammed (or his counsel) relating to his charges and bills for medical expenses, "all communications" between Muhammed and each provider, and the "complete contents" of each providers electronic records for Muhammed, corresponding to requests 6, 15, and 19 under Exhibit A (Dkt. #30, Exhibit 1 at pp. 12–13; Dkt. #33, Exhibit 1 at pp. 9–10, 14–15, 37–38, 42–43, 56–57). The third group of questions Muhammed takes issue with lack any temporal limitation,

corresponding to requests 15–19 and 21–22 under Exhibit A (Dkt. #30, Exhibit 1 at p. 13; Dkt. #33, Exhibit 1 at pp. 10, 15, 31, 38, 43, 57).

On November 16, 2023, Muhammed filed his first motion to quash (Dkt. #28). On December 1, 2023, the Defendants filed a response (Dkt. #30). On February 14, 2024, Muhammed filed his second motion to quash (Dkt. #33). The Defendants did not file a response to Muhammed's second motion to quash.[1]

### LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevant information includes "any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In other words, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). Consequently, "[u]nless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Brady*, 238 F.R.D. at 437.

The Court has provided guidance in matters of discovery. The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing,

---

[1] The arguments within Muhammed's first and second motions to quash are substantively identical, only discussing subpoenas and notices of intent to take deposition by written questions to different third parties (*See* Dkt. #28, Dkt. #33). Therefore, the Court considers the Defendants' arguments in their response to Muhammed's first motion to quash in evaluating Muhammed's second motion to quash.

information 'relevant to the claim or defense of any party.'" (Dkt. #15 at p. 4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense . . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

## ANALYSIS

Muhammed has presented three categories of issues to the Court. First, the Court considers whether and to what extent the Defendants may seek information on the Providers' rates with various insurance companies. Second, the Court considers the second group of questions that Muhammed takes issue with. Third, the Court considers whether various questions should receive a temporal limitation. The Court addresses each issue in turn.[2]

**I.      Rates with Different Insurance Companies**

The Court recognizes that rates the Providers charge to patients' private insurers and public-entity payors are relevant and discoverable to determine the reasonableness of the rates the Providers charge to uninsured patients (such as Muhammed) for the same services. However, the Court will limit the documentation the Providers must provide to support these answers.

While acknowledging that the rates charged to different insurance companies is relevant to discovery, Muhammed argues that the amount of information the Defendants seek from the

---

[2] The Court only analyses the specific questions and requests that Muhammed has requested relief for.

Providers in written deposition questions 17–18 and 27–36, and request 5 in Exhibit A is overly broad and unduly burdensome (Dkt. #28 at pp. 5–8; Dkt. #33 at pp. 5–8). Specifically, Muhammed argues that the Defendants' requests for entire contracts, other documents, and general billing practices are overbroad and not proportional to the needs of the case (Dkt. #28 at pp. 7–8; Dkt. #33 at pp. 7–8).

In response, the Defendants argue that the amounts of money that the Providers have agreed to accept from insurance companies for the same services that Muhammed received are generally discoverable (Dkt. #30 at p. 4). Further, Defendants direct the Court to a case from the Supreme Court of Texas holding that they claim holds such information to be discoverable (Dkt. #30 at p. 5) (citing *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239 (Tex. 2021)).

The rates that medical providers charge insurance companies for the same treatments that an uninsured patient receives are relevant to determining the reasonableness of charges to an uninsured patient. *In re N. Cypress Med. Ctr. Operating Co., Ltd.*, 559 S.W.3d 128, 136 (Tex. 2018); *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 248–249 (Tex. 2021). Therefore, Defendants are entitled to the rates that the Providers charge insurance companies for the same treatments that Muhammed received. *See id.*

However, the scope of the discovery that Defendants request is overly broad and not proportional to the needs of the case because Defendants request all contracts and agreements between the Providers and any insurance provider *relating to* the rates for types medical services that Muhammed received (*See* Dkt. #30, Exhibit 1 at pp. 11–12; Dkt. #33, Exhibit 1 at pp. 13–14, 29–30, 36–37, 41–42, 55–56). In *Zuniga v. Tri-Nat'l, Inc.*, the court limited the scope of discovery requests to require medical providers to provide the rates they would charge to four major

insurance companies for the same treatments that the uninsured plaintiff had received, along with a supporting declaration or affidavit. No. SA-20-CV-1417, 2022 WL 255427, at *2 (W.D. Tex. Jan. 27, 2022). The Court finds the *Zuniga* court's approach persuasive. Therefore, the Court will not require the Providers to provide the documents requested in request 5 under Exhibit A and written deposition question 18. *See id.* Rather, the Court modifies written deposition question 17 to also request an explanation sufficiently describing each rate that a Provider lists in response to the question. *See id.*

Overall, the rates that medical providers charge insurance companies for the same treatments that an uninsured patient receives are discoverable. Therefore, the Court upholds written deposition questions 17 and 27–36 to each Provider. However, the Court strikes written deposition question 18 and request 5 under Exhibit A as to each Provider. Instead, the Court modifies written deposition question 17 to also request an explanation sufficiently describing each rate that a Provider lists in response to the question

## II.    Requests for All Communications and Records

The Court will limit the second group of questions that Muhammed takes issue with to matters relating to Muhammed's injuries arising from the vehicular collision on December 2, 2021 and any corresponding treatment for said injuries.

Muhammed argues that Defendants' requests for all communications and written correspondence between the Providers and Muhammed and the complete contents of the Providers' electronic medical records relating to Muhammed in requests 6, 15, and 19 under Exhibit A are overbroad, burdensome, unwieldy, and cumulative (Dkt. #28 at pp. 8–9; Dkt. #33 at

pp. 8–9). Further, Muhammed claims these requests are duplicative of other discovery requests from Defendants (Dkt. #28 at p. 9; Dkt. #33 at p. 9).

Defendants argue that the requested discovery is not irrelevant or overbroad only because of the sheer volume requested (Dkt. #30 at p. 5). Defendants claim that this relevant and reasonable discovery would allow the parties "to litigate the issue of reasonableness on level ground" (Dkt. #30 at p. 5). Further, Defendants note that the Providers have not directly presented any objections or requests for a protective order in response to the requested discovery (Dkt. #30 at p. 5).

Currently, requests 6, 15, and 19 under Exhibit A are overly broad because they request large quantities of information from the Providers regardless of whether or not that information is relevant to the case (Dkt. #30, Exhibit 1 at pp. 12–13; Dkt. #33, Exhibit 1 at 9–10, 14–15, 37–38, 42–43, 56–57). Therefore, the Court limits the scope of requests 6, 15, and 19 under Exhibit A to materials relating to Muhammed's injuries arising from the vehicular collision on December 2, 2021 and any corresponding treatment for said injuries.

### III.   Temporal Limitations

The Court will add Muhammed's requested temporal limitation to requests 15–19 and 21–22 under Exhibit A.

Muhammed asks the Court to restrict requests 15–19 and 21–22 under Exhibit A to documents from the time period from December 1, 2021 (the day before the collision) to the present (Dkt. #28 at p. 10; Dkt. #33 at pp. 9–10). He claims that evidence requested from before that time period is overly broad, irrelevant to the parties' claims and defenses, and constitutes an

7

unwarranted invasion of privacy interests (Dkt. #28 at p. 10; Dkt. #33 at pp. 9–10). The Defendants did not respond to this argument.

The Court agrees with Muhammed and does not find the materials from before the vehicular collision at issue to be relevant. Notably, the Defendants do not claim that Muhammed possessed any preexisting injury or condition that may impact his damages in this case (Dkt. #20). Therefore, the Court limits the scope of requests 15–19 and 21–22 under Exhibit A to materials created between December 1, 2021 to the present.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Quash Defendants' Notices of Intention to Take Deposition by Written Questions and of Subpoenas to Plaintiff's Medical Providers (Dkt. #28) is **GRANTED in part**.

It is further **ORDERED** Plaintiff's Second Motion to Quash Defendants' Notices of Intention to Take Deposition by Written Questions and of Subpoenas to Plaintiff's Medical Providers (or to Modify) (Dkt. #33) is **GRANTED in part**.

The Court strikes written deposition question 18 and request 5 under Exhibit A as to each Provider. The Court modifies written deposition question 17 as to each Provider to also request an explanation sufficiently describing each rate that a Provider lists in response to the question. The Court limits the scope of requests 6, 15, and 19 under Exhibit A to materials relating to Muhammed's injuries arising from the vehicular collision on December 2, 2021 and any corresponding treatment for said injuries as to each Provider. The Court limits the scope of requests 15–19 and 21–22 under Exhibit A to materials created between December 1, 2021 to the present as to each Provider.

**IT IS SO ORDERED.**

**SIGNED this 18th day of April, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE