# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SALLADEEN MUHAMMED, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-428 |
| | § | Judge Mazzant |
| SCOTTY SHELTON, et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Quash Defendants' Notice of Intention to Take Deposition by Written Questions and of Subpoena to FactorLoads (Dkt. #40). Having considered the motion, the Court finds that the motions should be **GRANTED**.

## BACKGROUND

This motion arises out of a discovery dispute in a personal injury case involving a vehicular collision between two semi-trailer trucks. Plaintiff Salladeen Muhammed ("Muhammed") brings claims against Defendants Scotty Shelton, PACCAR Financial Corporation, PACCAR, Inc., JBS Carries, Inc., and JBS Green Bay, Inc (collectively, the "Defendants") for negligence, gross negligence, and negligent entrustment (Dkt. #11 ¶¶12–18).

At issue are a subpoena and a notice of intent to take deposition by written questions that the Defendants sent to the custodians of record of FactorLoads, a factoring company (Dkt. #40 at pp. 6–12). Defendants sent the subpoena and notice of intent to take deposition by written questions on April 11, 2024 (Dkt. #40 at p. 10). The discovery deadline in this case was April 2, 2024 (Dkt. #29). No party has requested the Court to extend the discovery deadline.

On April 18, 2024, Muhammed filed the present motion to quash (Dkt. #40). The Defendants did not file a response.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevant information includes "any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In other words, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). Consequently, "[u]nless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Brady*, 238 F.R.D. at 437.

The Court has provided guidance in matters of discovery. The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #15 at p. 4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense . . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court."

*Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

## ANALYSIS

Muhammed requests that the Court quash the Defendants' subpoena and notice of intent to take deposition by written questions because "the request leaves insufficient time to respond within the discovery period" (Dkt. #40 at p. 2). The Defendants' subpoena and notice of intent to take deposition by written questions are untimely because they left Muhammed with insufficient time to respond within the discovery period. *See Cunningham v. Concentrix Sols. Corp.*, No. 4:20-CV-661, 2021 WL 4502615, at *3 (E.D. Tex. Oct. 1, 2021). Therefore, the Court grants Muhammed's motion.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Quash Defendants' Notice of Intention to Take Deposition by Written Questions and of Subpoena to FactorLoads (Dkt. #40) is **GRANTED**.

**IT IS SO ORDERED.**

SIGNED this 22nd day of July, 2024.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE